\*\* E-filed June 27, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIAN TANKERSLEY, et al., | No. C09-05763 HRL |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION UNDER RULE 60(b) FOR RELIEF FROM ORDER OF DISMISSAL** |
| v. | |
| JOHN R. LYNCH, et al., | |
| Defendants. | [Re: Docket No. 27] |

## BACKGROUND

In April 2007, California residents Marian Tankersley ("Tankersley") and Richard Diehl ("Diehl") (collectively, "Plaintiffs") purchased a franchise and three exclusive territories from Collision on Wheels International, LLC ("CoW"), a Michigan-based seller of mobile auto body repair system franchises. Docket No. 1, Ex. A ("Compl.") ¶¶ 1, 2, 8. Their decision to do so was based in part on information found in CoW's Uniform Franchise Offering Circular ("UFOC"), which contains certain disclosures to potential franchisees and which CoW provided to Plaintiffs the month before. Id. ¶¶ 7, 19, 25.

Plaintiffs alleged that the UFOC upon which they relied contained misstatements and omissions of material fact and that they have been harmed as a result. Id. ¶¶ 18, 21, 24, 26. They filed suit against Michigan residents John Lynch ("Lynch"), Gregory Longe ("Longe"), Gregory Mancina ("Mancina"), Louis Maio ("Maio"), and Richard Bass ("Bass") (collectively,

"Defendants"), all of whom are officers or employees of CoW, for violations of Michigan franchise law. Id. ¶¶ 2-6.

Defendants removed this action from California state court and moved to dismiss Plaintiffs' complaint on the ground that this Court did not have personal jurisdiction over Defendants. Docket No. 1 ("Notice of Removal"); Docket No. 14 ("MTD"). Plaintiffs opposed Defendants' motion. Docket No. 20 ("Opp'n"). While acknowledging that it was a "close call," the Court granted Defendants' motion, concluding that the exercise of personal jurisdiction over Defendants would have been unreasonable. Docket No. 26 ("Corrected Order") at 6. In so concluding, the Court noted – based on both parties' representations – that Plaintiffs could "obtain the same relief in Michigan that they could in this Court." Id. at 8. As such, the Court dismissed Plaintiffs' complaint without prejudice. Id.

Ten days later, Plaintiffs filed the instant motion, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6), for an order vacating the dismissal and transferring the case to the Eastern District of Michigan. Docket No. 27 ("Motion"). The basis of Plaintiffs' motion is that their counsel, Bruce Napell, failed to "recheck" the applicable Michigan statute of limitations – which has now run – and so he did not request in his opposition to Defendants' motion to dismiss that the Court transfer the case rather than dismiss it. Defendants opposed Plaintiffs' motion. Docket No. 28 ("Opp'n").

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the June 28, 2011 hearing is vacated.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . . [or];
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1), (6).

**DISCUSSION**

A. Rule 60(b)(6)

Rule 60(b)(6) provides that, on motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason [in addition to those categories specified in Rules 60(b)(1)-(5)] that justified relief." This Rule "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted). It makes sense, then, that a party moving for relief under this provision "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw, 452 at 1103 (internal quotation marks and alteration omitted).

Here, Plaintiffs do not contend that circumstances beyond their counsel's control prevented him from proceeding with the action in a proper fashion. On the contrary, Plaintiffs' counsel declares that he simply failed to "recheck" the applicable statute of limitations. Napell Decl. ¶ 11. In these circumstances, Plaintiffs clearly do not meet the standard for relief under Rule 60(b)(6).

B. Rule 60(b)(1)

Plaintiffs' contend that their counsel's failure to "recheck" to see whether the Michigan statute of limitations had run on their claims is "excusable neglect."

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Associates L.P., 507 U.S. 380, 395 (1993)). "To determine when neglect is excusable, [the district court must] conduct the equitable analysis specified in Pioneer by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay [or other error, including whether it was within the

reasonable control of the movant]; and (4) whether the movant acted in good faith.'"[1] Id. (quoting Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000)).

The first, second, and fourth Pioneer factors all weigh in Plaintiffs' favor.[2] With respect to the first factor, Defendants would not be prejudiced by defending this action in Michigan, where all of them reside. On the contrary, it is Plaintiffs who would suffer prejudice, since they can no longer re-file their action in Michigan. See Lemoge, 587 F.3d at 1196 (explaining that prejudice to movant may be considered as a "relevant circumstance" and granting movants' motion for relief under Rule 60(b) in part because they would have been prejudiced because the statute of limitations on their claims had run). As for the second factor, the length of the delay was minimal – Plaintiffs filed the instant motion ten days after the Court issued the Corrected Order – and it has not hampered the proceedings in any way. And with respect to the fourth factor, there is no indication that Plaintiffs' counsel acted in bad faith or for gamesmanship purposes.

Given this reality, Defendants focus their arguments on the third factor. Citing to, among other authority, Judge Kozinski's dissenting opinion in Pincay v. Andrews (the leading Ninth Circuit decision on Rule 60(b)(1)), Defendants argue that the third factor – the reason for the delay or other error– is the most important factor and should be given greater weight than the others. Opp'n at 8 (citing Pincay v. Andrews, 389 F.3d 853, 861 (9th Cir. 2004) (Kozinski, J., dissenting)). The Ninth Circuit, however, has made clear on several occasions – both in Pincay and in subsequent cases – that no one factor is more important than the others, and that "the weighing of Pioneer's equitable factors" must be left "to the discretion of the district court in every case." Pincay, 389 F.3d at 860; see also, Mendez v. Knowles, 556 F.3d 757, 765 (9th Cir. 2009); Pincay, 389 F.3d at 860-61 (Berzon, J., concurring) (specifically addressing Judge Kozinzki's dissenting opinion and explaining

---

[1] Although Pioneer involved excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b), the Ninth Circuit has concluded that the Pioneer standard governs analysis of excusable neglect under Rule 60(b)(1) as well. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).

[2] Defendants do not appear to contest that these three factors weigh in Plaintiffs favor. Instead, they contend that "Plaintiffs' argument that no prejudice or delay will result from the requested relief, and that their attorney did not act in bad faith, fails because Plaintiffs simply have not offered any basis upon which their attorney's mistake should be excused." Opp'n at 2. As explained below, Defendants misunderstand the district court's inquiry.

that "Pioneer portends a balancing test, and does not ascribe determinative significance to *any* single factor") (emphasis in original).

Defendants' argument is two-fold. First, they argue that Plaintiffs' counsel provided an explanation of his mistake, but he did not provide an excuse for it. See Opp'n at 1 ("[N]either Plaintiffs nor their counsel offer any justifiable excuse for failing to raise an issue that counsel previously researched. Not keeping track of the statute of limitations is not an excuse."), 7 (stating that "Plaintiffs' attorney admits a mistake and provides no excuse"). According to Defendants, "Plaintiffs miss the key point from Pioneer and [subsequent Ninth Circuit decisions], which is that the moving party must offer some excuse for the neglect, upon which the court may base a determination that the neglect was excusable." Id. at 5 (emphasis in original).

It is Defendants who misunderstand the Pioneer test. The giving of an "excuse" is not among the Pioneer factors, and the third factor – the reason for the delay or other error – requires only that: a reason. Instead, as Judge Berzon explained in his concurring opinion in Pincay:

> [W]hether neglect is "excusable" is the conclusion one reaches after considering the pertinent factors, not an independent element with moral content. Pioneer thus indicates that a district court may find neglect "excusable" if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason – *even if* no decent lawyer would have made that error. There is no linguistic flaw in terming such errors "excusable," meaning nothing more than "appropriate to excuse."

Pincay, 389 F.3d at 860 (Berzon, J., concurring) (emphasis in original). Here, Plaintiffs' counsel provided a reason for his mistake. He need not have provided an "excuse." Whether his mistake is excusable is a matter for this Court to determine after considering the Pioneer factors and other relevant considerations.

Second, Defendants suggest that the reason for Plaintiffs' counsel's mistake simply is not good enough to be excusable. See Opp'n at 5-7, 8-9. Although "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,'" Pioneer, 507 U.S. at 392, there is no clear-cut rule in this regard. See Pincay, 389 F.3d at 855 ("We now hold that per se rules are not consistent with Pioneer . . . ."); see also Los Altos El Granada Investors v. City of Capitola, 583 F.3d 674, 683 (9th Cir. 2009) ("[I]n Pincay we rejected any sort of 'rigid rule' to determine excusable neglect – instead, we decided that we should give great deference to the district

5

court's determination."). Indeed, the Ninth Circuit has upheld several district courts which concluded that attorneys' mistakes – even those that were within their control – constituted excusable neglect. See, e.g., Los Altos El Granada Investors, 583 F.3d at 683 (party missed deadline to file notice of appeal because attorney failed to forward judgment to calendaring clerk; Ninth Circuit affirmed district court's finding of excusable neglect despite error being "entirely 'within the reasonable control of the movant'") (quoting Pioneer, 507 U.S. at 398); Mendez, 556 F.3d at 765 (party's notice of appeal was delivered one day late because attorney relied on United States Postal Service to deliver it within two days; Ninth Circuit affirmed district court's finding of excusable neglect despite USPS's advisement that first-class mail takes anywhere from one to three days for delivery); Pincay, 389 F.3d at 858-59 (attorney's paralegal misread Federal Rule of Appellate Procedure 4 and did not correctly calendar deadline to appeal, so party was late in doing so; Ninth Circuit affirmed district court's finding of excusable neglect despite the "egregious mistake").[3]

In addition to its analysis of the Pioneer factors, the Court also notes that Plaintiffs were not alone in asserting that they could re-file their complaint in Michigan. Defendants, in arguing that the exercise of personal jurisdiction in California would be unreasonable (an argument on which they ultimately prevailed), adopted Plaintiffs' assertion in this regard. See Docket No. 23 at 12 (subsection entitled "The Existence of an Alternative Forum"). Defendants do not address this fact in their opposition to the instant motion.

---

[3] Defendants cite a number of cases where courts refused to find excusable neglect in instances where various attorneys made careless errors. But in those cases, the courts found that multiple Pioneer factors weighed against granting relief under Rule 60(b)(1). See SEC v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100-1101 (9th Cir. 2010) (Ninth Circuit affirmed district court's refusal to find excusable neglect where court also questioned moving party's good faith); Harvest, 531 F.3d at 746-47 (Ninth Circuit also found that non-movant would suffer prejudice, that the delay was substantial, and that moving party may have acted in bad faith); In re Christiansen, No. 05–20050, 2007 WL 7535048, at *5 (B.A.P. 9th Cir. 2007) (Ninth Circuit bankruptcy appellate panel affirmed bankruptcy court that found that fourth Pioneer factor also weighed in favor of non-moving party); Int'l Allied Printing Trades Ass'n v. Amer. Lithographers, Inc., 233 F.R.D. 554, 556 (N.D. Cal. 2006) (this Court also found that non-moving party would have been prejudiced); In re Rebel Rents, Inc., 326 B.R. 791, 803-06 (C.D. Cal. 2005) (bankruptcy court also found that the second Pioneer factor weighed heavily in favor of non-moving party). But see Timbisha Shoshone Tribe v. Kennedy, 267 F.R.D. 333, 336-37 (E.D. Cal. 2010) ("'Rule 60(b)(1)'s reference to inadvertence or excusable neglect does not authorize relief from the consequences of negligence or carelessness. Rather, it requires some justification for an error beyond a mere failure to exercise due care.'" In their motion and accompanying declaration, Defendants fail to justify why the draft was filed inadvertently.") (internal quotation marks and citation omitted).

In sum, after considering the <u>Pioneer</u> factors and other relevant considerations, the Court finds that Plaintiffs' counsel's failure to request transfer of this action to the Eastern District of Michigan was due to excusable neglect. As such, Plaintiffs' motion for relief from the Court's Corrected Order is GRANTED.

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion is GRANTED. The Court VACATES its prior order dismissing Plaintiffs' complaint and, instead, orders that this action be TRANSFERRED to the United States District Court for the Eastern District of Michigan.

**IT IS SO ORDERED.**

Dated: June 27, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

**C09-05763 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Bruce Jonathan Napell | bjn@singler-law.com |
| Bryan W. Dillon | bwd@singler-law.com |
| Charles G. Miller | cmiller@bztm.com, bsage@bztm.com, pbrown@bztm.com |
| Jason David Maynard | jdm@singler-law.com, tlb@singler-law.com |
| Simon Richard Goodfellow | sgoodfellow@bztm.com |

**See General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Charles Godfrey Miller
Bartko Zankel Tarrant & Miller
A Professional Corporation
900 Front Street
Suite 300
San Francisco, CA 94111

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**